HIRAM FORESTIER PICÓ, demandante y recurrente, *v.* UNITED STATES FIDELITY & GUARANTY CO., demandada y recurrida.

*Número:* R-66-4      *Resuelto:* 5 de marzo de 1969

*A. Ramírez Silva,* abogado del recurrente; *Enrique Báez García,* abogado de la recurrida.

Sala Segunda integrada por el Juez Asociado Señor Hernández Matos como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Dávila y Torres Rigual.

### SENTENCIA

La Sala de Mayagüez del Tribunal Superior dictó sentencia declarando sin lugar una demanda de daños y perjuicios por razón de un accidente de automóvil. La Sala sentenciadora hizo constar que la prueba de una y otra parte sobre cómo ocurrió el accidente fue abiertamente conflictiva e irreconciliable. Hemos leído dicha prueba, y en ese respecto, la Sala sentenciadora tiene razón.

Basándose primordialmente en un informe de la Policía preparado a raíz de los hechos, informe éste que contiene un dibujo de la posición de los carros chocados y es descriptivo de la parte de la carretera en donde ocurrió el choque, la Sala sentenciadora declaró sin lugar ésta, y otra demanda que no es objeto del presente recurso. Con miras al documento anteriormente referido expedimos auto de revisión limitado "a la consideración de si existe o no negligencia concurrente de la parte demandada."

Esta fue una colisión de dos vehículos *jeeps* diseñados para labor agrícola. La colisión ocurrió en el eje central de una curva. El demandante Forestier ascendía una cuesta y tomaba la curva hacia su derecha. El demandado Montalvo descendía la cuesta y tomaba la curva hacia su izquierda. El demandante conducía solo. El demandado traía ocho perso-

nas en el *jeep* entre ellas dos adultos de 37 y 29 años de edad. Los demás eran adolescentes. Momentos antes iba una novena persona en el vehículo, adulta, que fue dejada en algún sitio. Del informe de la Policía, prueba documental admitida en evidencia, se desprende que el impacto ocurrió en el mismo medio de la carretera. Los respectivos lados izquierdos delanteros de los vehículos quedaron dañados. Los cristales de los faroles rotos estaban en el medio. Cada una de las partes imputaba que la otra se había "abierto" en la curva invadiendo sus respectivos lados. No obstante el informe policíaco y el dibujo, la Sala entendió que el demandante había invadido la parte del demandado y declaró sin lugar la demanda.

Por una tendencia física de los cuerpos en movimiento, puede inferirse que era más probable que el demandado Montalvo, quien descendía la cuesta y tenía la curva en su contra, o sea, hacia su izquierda, consciente o inconscientemente se "abriera" hacia el centro de la carretera debido al peso que traía en su vehículo sobrecargado, a lo pequeño que éste era y a la evidente inconveniencia para conducir con una persona de cuña en la parte delantera, a que se "abriera" el demandante quien tenía la curva a su favor y ascendía la pendiente. Ante la prueba del demandado que tendió a situar la culpa sólo en el demandante, es significativo el hecho de que el demandado en momento alguno reclamó del demandante por los daños a su vehículo y a su persona, siguiera por vía de una contrademanda, al ser demandado. Un ocupante del vehículo del demandado que sufrió lesiones personales demandó sólo a dicho demandado, y no al demandante.

A la luz de la prueba, particularmente la documental, y de todas las demás circunstancias presentes en el récord, quedamos convencidos que hubo imprudencia concurrente de parte del demandado, que apreciamos en un 50%.

El récord revela que el demandante Forestier incurrió en gastos médicos y por daños y desuso de su vehículo en la

cantidad de $559.41. Considerando el testimonio médico y del demandante sobre las lesiones personales sufridas por él, debería ser acreedor a una compensación en la cantidad de $4,000 por tales conceptos.

Se revoca la sentencia dictada por la Sala de Mayagüez del Tribunal Superior en 4 de noviembre de 1965 que declaró la demanda sin lugar totalmente, y dictando la que corresponde, se condena a la demandada—recurrida U.S. Fidelity and Guaranty Co. a satisfacer al demandante-recurrente Hiram Forestier Picó la suma de $2,279.70 por toda compensación por concepto de daños como consecuencia del accidente aquí envuelto. Se impone a la demandada-recurrida el pago de $500 de honorarios de abogado ante el Tribunal Superior.

Así lo pronunció y manda el Tribunal y firma el Señor Juez Presidente Interino.

(Fdo.) Pedro Pérez Pimentel
*Juez Presidente Interino*

Certifico:

(Fdo.) Joaquín Berríos
*Secretario*